**FERRYNEISA BENJAMIN, Plaintiff**

v.

**BOARD OF TRUSTEES OF THE VIRGIN ISLANDS GOVERN-MENT EMPLOYEES RETIREMENT SYSTEM, Defendant**

Civil No. 1407/1986

Territorial Court of the Virgin Islands

Div. of St. Croix

September 27, 1990

MICHAEL A. JOSEPH, ESQ., St. Croix, V.I., *for plaintiff*

TERRYLN M. SMOCK, ESQ., St. Thomas, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on defendant's motion for summary judgment. Defendant is the Board of Trustees of the Government Employees' Retirement System (GERS). The Board of Trustees is responsible for the proper administration of the GERS and is vested with certain powers, including the power to authorize the purchase and sale of investments by the system.

### II. FACTS AND PROCEDURE

Cecil Benjamin, as a member of the Board of Trustees of the GERS and Ferryneisa Benjamin, his wife, the plaintiff herein, made an offer to purchase from the GERS certain property known as 13A Constitution Hill, St. Croix. This offer was for $90,000.00 minus the cost of repairs to make the premises habitable. Two estimates of repairs were presented to the Board, one for $14,000.00 and the other for $15,125.00. The property had been acquired by the GERS through foreclosure of a mortgage secured from the previous owner who had originally borrowed money from the system to purchase the property.

At a regularly scheduled meeting of the Board on August 15, 1984, the Board considered the Benjamins' offer together with another offer submitted by Cecil George. Cecil George submitted his offer in the amount of $90,000.00 with a check of $9,000.00 or ten percent (10%) of the price offered as earnest money deposit. The Board members, including Cecil Benjamin, discussed the appraisal value of the property and acknowledged that the offer of Cecil George was higher than that submitted by Cecil Benjamin and his wife.

Inevitably, the question of a conflict of interest surfaced. Admitting the potential for such a conflict, Cecil Benjamin immediately

indicated that he wanted to release himself from the matter.[1] Cecil Benjamin, however, continued to negotiate with the Board members for the purchase of the property.

After the Board indicated that the price offered by Cecil Benjamin and his wife was too low in light of the $90,000 offered by Cecil George, Cecil Benjamin immediately made an oral offer of $86,000.00. He stated that he was willing to offer what the System had invested in the property. He further indicated that the System had invested $87,000.00, and that the $90,000.00 offered by Cecil George would include a six percent (6%) real estate commission which would in effect reduce the offer by $4,000.00. Cecil Benjamin finally contended that he and Ferryneisa Benjamin as members of the System should be given priority over Cecil George, a non-member.[2]

A motion was then made by the Board, with Cecil Benjamin abstaining, to accept the Benjamins' oral offer pending the Board's receipt of plaintiff's new offer in writing. However, because of an opinion subsequently made by the Department of Law on the legal consequences of transferring assets of the System to a Board member or his wife the Benjamins' written offer was never accepted by the Board. The Attorney General opined that such a transfer was improper and may subject all board members to liability. See 10 V.I.Op.A.G. 95. As a result, the property was eventually sold to a third party.

As a consequence of this, Ferryneisa Benjamin filed this action against the Board of Trustees seeking declaratory judgment for specific performance. She alleges that the Board of Trustees approved her application for a first priority mortgage loan for the purchase of 13A Constitution Hill and later refused to transfer title. Plaintiff further alleges that she detrimentally relied upon the promise of the Board to transfer title by incurring out-of-pocket expenses and by satisfying all conditions precedent.

## III. DISCUSSION

■■ The Legislature of the Virgin Islands created the Government Employees' Retirement System for the retirement and benefit

---

[1] Government Employees' Retirement Board of Trustees Investment Managers' Meeting. Tr. p. 38 (August 15, 1988).

[2] Id. at 46.

of officials and employees of the Government of the Virgin Islands and their dependents. 3 V.I.C. § 701. In creating the Board of Trustees of the GERS, the legislature intended that the Board's fiduciary responsibilities be governed by principles developed and applied in the law of trust.[3] The law of trust as applicable in the Virgin Islands is set forth in Title 15 of the Virgin Islands Code, Section 1091 et seq. and the rules of common law as expressed in the Restatement of Law. 1 V.I.C. § 4.

Because 13A Constitution Hill was an asset held by the GERS, it constituted trust property. Thus the law of trust must be applied. Title 15 V.I.C. § 1095 provides:

> No trustee shall directly or indirectly buy or sell any property for the trust from or to itself or an affiliate; or from or to a director, officer, or employee of such trustee or of an affiliate; or from or to a relative, employer, partner, or other business associate.

Title 3 V.I.C. § 717(a) further prohibits "any trustee or employee of the Board from being an endorser or surety or in any manner an obligor for money loaned or borrowed from the system."

Both 15 V.I.C. § 1095 and 3 V.I.C. § 717(a) impose upon a Board member an affirmative duty to avoid placing himself in a position where his personal interest may be at odds with that of the System. The Court in Benz v. Beeman, 589 F.2d 735 (2d Cir. 1978) stated:

> The duty of a trustee is easily defined because it is absolute. "The rule is inflexible that a trustee shall not place himself in a position where his interest is or may be in conflict with his duty." (Citing In Re Lewisohn, 294 N.Y. 596, 608, 63 N.E.2d 589 (1945)).

Although Cecil Benjamin was not a named party in this action, this Court cannot ignore the fact that the plaintiff was in actual privity with Cecil Benjamin regarding the proposed purchase of 13A Constitution Hill. He was in all respects a purchaser. Not only was Cecil Benjamin the husband of the plaintiff, he also actively and aggressively negotiated with the other Board members for the purchase of the property. He made a counter-offer in plaintiff's absence and without her consent. He also stood to gain if the property was actually sold to plaintiff.

---

[3] 3 V.I.C. § 715 originally provided:

> (a) The retirement system hereby created shall be established as a trust, separate and distinct from all other entities.

105

Neither will the Court close its eyes to the fact that Cecil Benjamin used information obtained as a trustee of the Board in order to gain an unfair advantage in negotiating the purchase. "A fiduciary may be disqualified from purchasing trust property to avoid unfairness, the improper use of confidential information, or the appearance of impropriety." In Re Russo, 762 F.2d 239 (2d Cir. 1985). As a Board member, Cecil Benjamin was privy to certain information not otherwise available to other potential purchasers. He knew how much the System had invested in the property and how much was owed to the System on the property. He knew who other than himself made offers to purchase, in what amounts, and under what terms. He also knew whether these potential buyers were members or non-members of the System. Although he knew the property was listed with a realtor, he nonetheless submitted his offer directly to the Board for its consideration. This was done in order to gain an unfair advantage by avoiding the real estate commission the realtor would normally receive from the sale of the property.[4]

Benjamin's fiduciary obligations as a Board of Trustee cannot be turned off and on like a faucet. He cannot simply release himself from voting on a matter before the Board in an effort to further his own personal interest. A trustee's duties and obligations are resolute. He may be precluded from purchasing trust property even after the termination of the trust. See, In Re Russo, supra.

Comment (1)(b) of the Restatement (Second) of Trust § 170 (1959) states, inter alia:

> Where there are several trustees, one of them cannot properly purchase trust property for himself, although his co-trustees are not personally interested in the purchase and consent to the sale.

The Court in In Re Russo further pointed out: "A fiduciary cannot purchase property which he is employed to sell" because his actions may be "tainted with the possibility of unfairness or conflict between personal desires and trust obligations."

■ The Court finds that plaintiff was in actual privity with Cecil Benjamin, her husband. He was, for all intents and purposes, a person interested in purchasing the property for himself and plaintiff. The Court further finds that Cecil Benjamin breached his fiduciary

---

[4] These facts were all gleaned from the transcript of the August 15, 1984 GERS Board of Trustees Investment Managers meeting.

duty of absolute loyalty to the GERS. He could not properly purchase or negotiate to purchase the property for himself nor for his wife without sinking into a conflict between his personal interest and his duty of loyalty as a Board of Trustee. This Court will not accept that Ferryneisa Benjamin, the sole named plaintiff in this action, was a mere innocent party, and that Cecil Benjamin had no interest whatsoever in the property. The indisputable facts clearly indicate that he actively and aggressively negotiated with other Board members and made an oral counter-offer which was substantially higher than the original offer alleged to have been made by plaintiff. The oral counter-offer made by Cecil Benjamin at the August 15, 1988 Board meeting was at least $12,000.00 higher than the original offer allegedly made by plaintiff. This counter-offer was made almost instantly after the Board indicated that it was considering the higher offer submitted by Cecil George. The Benjamins' offer was also made in plaintiff's absence, and without her consent or approval.

Finally, at several times during negotiation, Cecil Benjamin referred to himself and plaintiff as purchasers by using language such as: "We are willing to accept what the System owes on the house—$86,000.00 and we are going to take out 'our' pockets to get it liveable."[5]

The evidence and facts surrounding this case sharply demonstrate a transaction prohibited by law tainted by a conflict of interest and thus highly suggestive of self-dealing.

■ Plaintiff comes to this Court seeking equitable relief. But there is a maxim: He who seeks equity must come with clean hands. This Court is convinced that plaintiff did not come with clean hands. Accordingly, plaintiff cannot be afforded the relief sought in this action.

■ Summary judgment will be granted pursuant to Rule 56, Federal Rules of Civil Procedure 56(c), 5 V.I.C. App. I, R.56(1) where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavit establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Virgin Islands Distributors, Inc. v. Durkee Foods (D.C.V.I. 1982), 19 V.I. 85. The U.S. Supreme Court has recently recognized the summary judgment procedure in Celotex Corporation v. Catrett, 106 S.Ct. 2548, 2553, 2555 (1986):

---

[5] See note 1 supra.

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof, concerning an essential element of the non-moving party's case necessarily renders all other fact immaterial . . .

Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. Celotex Corp. v. Cartrett, 106 S.Ct. 2548, 2555 (1986) (Citations omitted).

## CONCLUSION

The question of whether the Statute of Frauds bars plaintiff's claim in this action, as argued by the defendants in their motion for summary judgment, is obviated by the foregoing discussion. This Court having found that there exist no genuine issue of material fact, and viewing the facts in a light most favorable to the plaintiff, concludes that summary judgment is warranted in this matter. Hence, defendant's motion for summary judgment is hereby granted.

## ORDER

This matter is before the Court on plaintiff's motion for summary judgment pursuant to Fed. R. Civ. Proc. 56. In accordance with the Court's memorandum opinion of even date, it is hereby

ORDERED that defendant's motion for summary judgment is GRANTED.